# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **ESTATE OF BYRON BROWN,** *deceased*; **PAULETTE HOLLEY,** *Administrator of the Estate of Byron Brown, deceased;* **& PHILLIP BROWN,** *Wrongful Death Beneficiaries, and on behalf of all Wrongful Death Beneficiaries* | § § § § § § § § § § § | **PLAINTIFFS** |
| v. | § § § § § § § | Civil No. 1:18cv277-HSO-JCG |
| **EDWARD D. MORRISON,** *individually,* **& C.A.T., INC.** | § § | **DEFENDANTS** |

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT C.A.T., INC.'S MOTION [10] FOR JUDGMENT ON THE PLEADINGS AND DENYING PLAINTIFFS' MOTION [14] TO AMEND

BEFORE THE COURT are Defendant C.A.T., Inc.'s Motion [10] for Judgment on the Pleadings, and Plaintiffs Estate of Byron Brown, Paulette Holley, and Phillip Brown's Motion [14] to Amend. Defendant C.A.T., Inc., admits vicarious liability for Defendant Edward D. Morrison's acts and seeks dismissal of Plaintiffs' direct-liability claims for negligent hiring, training, supervision, retention, and entrustment asserted against it. In response, Plaintiffs seek to amend their Complaint to sufficiently plead these claims.

1

After due consideration of the record, Defendant's Motion, and relevant legal authority, the Court is of the opinion that Defendant C.A.T., Inc.'s Motion [10] for Judgment on the Pleadings should be granted and that Plaintiffs' Motion [14] to Amend should be denied as futile. Accordingly, the Court will dismiss Plaintiffs' direct-liability claims against Defendant C.A.T., Inc. All other claims will proceed.

I. BACKGROUND

This case arises out of a fatal auto accident that occurred on Interstate 10 in Jackson County, Mississippi, on March 22, 2017. Compl. [1-2]. Decedent Byron Brown was driving eastbound near mile marker 68 when a tractor trailer operated by Defendant Edward D. Morrison collided with his motorcycle. *Id.* It is undisputed that, at the time of the accident, Defendant Morrison was acting within the course and scope of his employment with Defendant C.A.T., Inc. ("C.A.T.").[1] *Id.* at 3; Answer [6] at 3.

On April 27, 2018, Plaintiffs Estate of Byron Brown, Paulette Holley, and Phillip Brown (collectively "Plaintiffs") filed suit against Defendants Edward D. Morrison and C.A.T., Inc. (collectively "Defendants") in the Circuit Court of Jackson County, Mississippi. Compl. [1-2]. The Complaint advances claims against Defendants for negligence and gross negligence and seeks compensatory and punitive damages. *Id.* Although the Complaint does not specifically plead any direct-liability claims against C.A.T., it includes a claim of vicarious liability and catch-all language seeking to hold Defendants liable for "other acts of negligence to

---

[1] Plaintiffs allege, and Defendant C.A.T., Inc., concedes, that Defendant Morrison was acting within the course and scope of his employment with the company.

2

be shown at the trial." *Id.*

Defendants timely removed the case to this Court on grounds of diversity jurisdiction under 28 U.S.C. §§ 1332, 1441, and 1446. Notice of Removal [1]. In answering the Complaint, C.A.T. admitted it was vicariously liable for Defendant Morrison's actions and filed the instant Motion [10] for Judgment on the Pleadings, which requests dismissal of any direct- and independent-liability claims asserted against it. Answer [6] at 3; Mot. [10]. C.A.T. argues that to the extent the catch-all language Plaintiffs use in their Complaint [1-2] encompasses any claims for negligent hiring, training, supervision, retention, or entrustment, those claims should be dismissed because Mississippi courts have consistently held that direct-liability claims against an employer are moot where the employer admits that an employee's acts occurred within the course and scope of his employment. Supporting Mem. [11] at 3-5.

In response, Plaintiffs filed a Motion [14] to Amend seeking to add claims for negligent hiring, training, supervision, retention, and entrustment against C.A.T. Mot. [14]; Proposed Amend. Compl. [14-1]. Without addressing C.A.T.'s argument for dismissal, Plaintiffs contend that the Court should grant their Motion [14] to Amend because courts generally allow a party an opportunity to amend to satisfy federal pleading standards after a case's removal to federal court. Mot. [14] to Amend; Supporting Mem. [17]; Resp. Mem. [16]. C.A.T. responds that Plaintiffs' proposed amendments are futile, and reiterates that its admission of vicarious liability moots Plaintiffs' direct claims, regardless of how specifically they were pled.

3

Resp. [21]; Reply [20]. Plaintiffs have not filed a reply in support of their Motion [14] to Amend, and the time for doing so has passed.

## II. DISCUSSION

A. Defendant's Motion [10] for Judgment on the Pleadings

1. Legal standard

Federal Rule of Civil Procedure 12(c) allows a party to move for judgment on the pleadings after a response has been filed and the pleadings have closed. Fed. R. Civ. P. 12(c). "A motion under Rule 12(c) for failure to state a claim is subject to the same standards as a motion to dismiss under Rule 12(b)(6)." *In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 209-10 (5th Cir. 2010).

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The court's task is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

In deciding whether a complaint states a valid claim for relief, a court must accept all well-pleaded facts as true and view those facts in the light most favorable

4

to plaintiff. *King-White v. Humble Indep. Sch. Dist.*, 803 F.3d 754, 758 (5th Cir. 2015). However, the Court need not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007).

    2.   <u>Plaintiffs' direct-liability claims against Defendant C.A.T.</u>

Mississippi courts, including this Court, have consistently held that when an employer admits vicarious liability, direct negligence claims for negligent hiring, training, supervision, retention, and entrustment asserted against the employer merge with the plaintiff's claims against the employee. *Carothers v. City of Water Valley*, 242 So. 3d 138, 144-45 (Miss. Ct. App. 2017), *cert. denied*, 246 So. 3d 67 (Miss. 2018) (citing *Davis v. ROCR Int'l*, 3:00cv864, 2001 U.S. Dist. LEXIS 26216, at * 17-25 (S.D. Miss. Dec. 19, 2001) (dismissing plaintiffs' claims for negligent training, hiring, entrustment, supervision, and retention where employer admitted vicarious liability)); *see Nehi Bottling Co. of Ellisville v. Jefferson*, 226 Miss. 586, 596, 84 So. 2d 684, 686 (1956) (finding error "to admit testimony regarding negligent entrustment where defendant's answer admitted" vicarious liability).[2] Allowing such duplicative, merged claims to proceed would be "unduly prejudicial to the defendant as 'permitting proof of previous misconduct of the employee would only serve to inflame.'" *Carothers*, 242 So. 3d at 144 (quoting *Davis*, 2001 U.S. Lexis

---

[2] *See, e.g.*, *McCon v. Perez*, 1:17cv77, 2018 WL 4001971, at *1 (S.D. Miss. July 24, 2018), *modified on other grounds*, 2018 WL 3945621 (S.D. Miss. Aug. 16, 2018); *Pennington v. UPS Ground Freight, Inc.*, 3:16cv248, 2018 WL 847249, at *2 (N.D. Miss. Feb. 13, 2018); *Cameron v. Werner Enterprises, Inc.*, 2:13cv243, 2015 WL 4393068, at *3 (S.D. Miss. July 15, 2015); *Littlejohn v. Werner Enterprises, Inc.*, 1:14cv44, 2015 WL 3868092, at *2 (N.D. Miss. June 23, 2015); *Welch v. Loftus*, 776 F. Supp. 2d 222, 225 (S.D. Miss. 2011).

5

26216, at * 20).

Here, C.A.T. has admitted vicarious liability. Therefore, under Mississippi law there is "no basis for allowing [P]laintiffs to proceed on the[se] direct-liability claims." *Carothers*, 242 So. 3d at 144. As such, the Court will grant C.A.T.'s Motion [10] for Judgment on the Pleadings and dismiss Plaintiffs' claims for negligent supervision, hiring, retention, training, and entrustment.

B.   Plaintiffs' Motion [14] to Amend

After the time for amending a pleading once as a matter of course has passed, a party may amend its pleading "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Although courts freely grant leave to amend "when justice so requires," *id.*, "[i]t is within the district court's discretion to deny a motion to amend if it is futile," *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872-73 (5th Cir. 2000). Amendment is futile where it "would fail to state a claim upon which relief could be granted." *Id.* To determine futility, the court "appl[ies] the same standard of legal sufficiency as applies under Rule 12(b)(6)." *Id.*

Here, Plaintiffs state that they seek to amend their Complaint to more specifically plead direct-liability claims against Defendant C.A.T.; however, they have never addressed C.A.T.'s arguments supporting dismissal of such claims. In essence, Plaintiffs misunderstand C.A.T.'s contentions; it seems Plaintiffs assume that C.A.T. has argued that they have failed to sufficiently plead facts to support claims of direct liability. However, C.A.T. actually contends that under relevant case law, there are no set of facts upon which Plaintiffs could maintain direct-

6

liability claims for negligent hiring, training, supervision, retention, and entrustment against it in light of its admission of vicarious liability. C.A.T. takes the position that Plaintiffs' amendments are thus futile. Def.'s Resp. Mem. [22].

To the extent Plaintiffs' Proposed Amended Complaint [14-1] may attempt to allege claims directly against C.A.T. beyond the duplicative and unduly prejudicial claims of negligent hiring, training, supervision, retention, and entrustment, the proposed amendments would be futile as to such other claims as well. Plaintiffs have done nothing more in their Proposed Amended Complaint than state threadbare legal conclusions that C.A.T. negligently violated federal law, state law, and its own company policy, as well as negligently equipped and maintained the vehicle driven by Defendant Morrison. Proposed Am. Compl. [14-1] at 6-7. Plaintiffs have not alleged any facts to support these conclusory allegations. *Iqbal*, 556 U.S. at 678-79 ("[O]nly a complaint that states a plausible claim for relief[ with more than mere conclusory statements] survives a motion to dismiss.").

Plaintiffs have not briefed or otherwise addressed the issue of what facts they would plead that would or could adequately state any direct-liability claim or survive a motion to dismiss. It is not the Court's responsibility to sift through the pleadings or to make Plaintiffs' arguments for them. *See Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994) (noting that it is not the Court's "duty to sift through the record in support of evidence to support [a] party's opposition"). Based upon the record before the Court, Plaintiffs' proposed amendments would be futile. The Court will grant C.A.T.'s Motion [10] for Judgment on the Pleadings and deny

Plaintiffs' Motion [14] to Amend as futile.

### III. CONCLUSION

The Court will deny Plaintiffs' Motion [14] to Amend as futile, grant Defendant C.A.T.'s Motion [10] for Judgment on the Pleadings, and dismiss Plaintiffs' direct-liability claims against C.A.T.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Plaintiffs Estate of Byron Brown, Paulette Holley, and Phillip Brown's Motion [14] to Amend is **DENIED** as futile.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Defendant C.A.T., Inc.'s Motion [10] for Judgment on the Pleadings is **GRANTED**, and Plaintiffs Estate of Byron Brown, Paulette Holley, and Phillip Brown's direct-liability claims against Defendant C.A.T., Inc., are **DISMISSED WITH PREJUDICE**. Plaintiffs' claim for vicarious liability against Defendant C.A.T., Inc., and all claims against Defendant Edward D. Morrison, will proceed.

**SO ORDERED AND ADJUDGED**, this the 7th day of August, 2019.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE